**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO:**

AIDAN KINGERY, on behalf of himself
and all others similarly situated,

      Plaintiff(s),

      v.

ROJE - PT ST LUCIE LLC, a Florida
limited liability company;
ROJE - JENSEN BEACH LLC, a Florida
limited liability company; and
JANET N. WESCH, individually,

      Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, AIDAN KINGERY ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint against Defendants, ROJE - PT ST LUCIE LLC, ("ROJE ST LUCIE"), ROJE - JENSEN BEACH LLC, ("ROJE JENSEN BEACH"), and JANET N. WESCH ("WESCH"), individually (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1.     Defendants have unlawfully deprived Plaintiff, and all others similarly situated, of federal overtime compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to recover all wages owed to Plaintiff, and all others similarly situated, during the course of their employment.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant, ROJE ST LUCIE, was a Florida limited liability company located and transacting business within Port St. Lucie, Florida, within the jurisdiction of this Honorable Court.  ROJE ST LUCIE operates its principal location at 254 Pt. St. Lucie Blvd., Pt. St. Lucie, FL 34984.

4.      During all times material hereto, Defendant, ROJE JENSEN BEACH, was also a Florida limited liability company located and transacting business within Stuart, Florida, within the jurisdiction of this Honorable Court.  ROJE JENSEN BEACH's principal location is located as ROJE ST LUCIE, at 2531 NW Federal Highway, Stuart, FL 34997.

5.      During all times material hereto, Defendant WESCH, was over the age of 18 years, and was an owner and operator of ROJE ST LUCIE and ROJE JENSEN BEACH, was vested with ultimate control and decision-making authority over ROJE ST LUCIE and ROJE JENSEN BEACH's hiring, firing, and pay practices.

6.      During all times material hereto, Defendant, WESCH, was the registered agent of both corporate Defendants - ROJE ST LUCIE and ROJE JENSEN BEACH.

7.      During all times material hereto, Defendant, WESCH, was a manager both corporate Defendants - ROJE ST LUCIE and ROJE JENSEN BEACH.

8.       During all times material hereto, Defendant, WESCH controlled the day-to-day operations of both corporate Defendants - ROJE ST LUCIE and ROJE JENSEN BEACH.

9.      Defendant, ROJE ST LUCIE was Plaintiff's employer, as defined by 29 U.S.C. § 203(d)*,* during all times pertinent to the allegations herein.

10.     Defendant, ROJE JENSEN BEACH, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations.

11.     Defendant, WESCH, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

12.     Defendants hired Plaintiff to work in Port St. Lucie and Stuart, Florida, and the acts and/or omissions giving rise to this Action took place within the jurisdiction of this Honorable Court.

13.     Defendants, ROJE ST LUCIE and ROJE JENSEN BEACH are headquartered and regularly transact business within the Southern District of Florida, and jurisdiction is therefore proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

14.     Venue is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

15.     Defendant, ROJE JENSEN BEACH, operates a Dairy Cream ice cream and restaurant franchise in Jensen Beach, Florida.

16.     Defendant, ROJE ST LUCIE, operates a Dairy Cream ice cream and restaurant franchise near Jensen Beach, in Port St. Lucie, Florida.

17.     Defendants, ROJE JENSEN BEACH and ROJE ST LUCIE engage in related activities, through unified operation or common control, for a common business purpose.

18.     Defendants, ROJE JENSEN BEACH and ROJE ST LUCIE provide the same or substantially similar ice cream and fast food products to their customers in Stuart, Florida and Port St. Lucie, Florida.

19.     Defendants, ROJE JENSEN BEACH and ROJE ST LUCIE share employees, tools and personnel to run their joint business operations in Stuart, Florida and Port St. Lucie, Florida.

20.     In March 2021, Defendant, ROJE ST LUCIE hired Plaintiff as a "Chill Staff Member". However, in April 2021, ROJE ST LUCIE required Plaintiff to work certain hours for ROJE ST LUCIE and certain hours for ROJE JENSEN BEACH at a different Dairy Queen location.

21.     From April 2021 through the present, Defendant ROJE ST LUCIE has been scheduling Plaintiff to work at ROJE JENSEN BEACH on a regular basis.

22.     In April 2021, Plaintiff asked a supervisor why Defendants failed to pay him for all of the overtime hours he worked when he worked over forty (40) hours in one location in a week, and an additional six (6) hours in another location that same week. Plaintiff's supervisor responded as follows: "that's just how we do business."

23.     After Plaintiff lodged complaints about Defendants' failure to pay him overtime wages when he worked over forty (40) hours when combining the work performed at each Dairy Queen franchise location, one of the Defendants began paying Plaintiff $9.50 per hour, while the other location continued pay Plaintiff the Florida minimum wage of $8.65 by per hour.  However, Defendant failed to cure the overtime wage violations that Plaintiff specifically identified in his discussions with his supervisor.

24.     Plaintiff lacked the authority to hire, fire, or reprimand any employees during his employment with Defendants and was a non-exempt, hourly employee during all times material hereto.

## FLSA COVERAGE

25.     Defendant, ROJE ST LUCIE, is covered under the FLSA through enterprise coverage, as ROJE ST LUCIE was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, ROJE ST LUCIE was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, ROJE ST LUCIE's business and Plaintiffs' work for ROJE ST LUCIE affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26.     During his employment with Defendant, ROJE ST LUCIE, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: ice cream, whipped cream, chocolate, sprinkles, hot dogs, ketchup, mustard, caramel, cups, bowls, forks, knives, spoons, cake, bananas, strawberries, blizzards, brownie bits, cookie dough bits, peanut butter, sundaes, Oreos, brownies, cones, snickers bits and bars, heath bits and bars, Reese's bits and bars, M&Ms, butterfingers, juice, burgers, chicken tenders, soda, french fries, candy, telephones, cash registers, telecommunication equipment, pens, notepads, computers, cellular telephones, order forms, and other related items.

27.     Defendant, ROJE ST LUCIE, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, ROJE ST LUCIE's business an enterprise covered by the FLSA.

28.     Defendant, ROJE ST LUCIE, grossed or did business in excess of $500,000.00 per year in the years 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

29.     Defendant, ROJE JENSEN BEACH, is covered under the FLSA through enterprise coverage, as ROJE JENSEN BEACH was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, ROJE JENSEN BEACH was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, ROJE JENSEN BEACH's business and Plaintiffs' work for ROJE JENSEN BEACH affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

30.     During his employment with Defendant, ROJE JENSEN BEACH, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: ice cream, whipped cream, chocolate, sprinkles, hot dogs, ketchup, mustard, caramel, cups, bowls, forks, knives, spoons, cake, bananas, strawberries, blizzards, brownie bits, cookie dough bit, peanut butter, sundaes, Oreos, brownies, cones, juice, snickers bits and bars, heath bits and bars, Reese's bits and bars, M&Ms, butterfingers, burgers, chicken tenders, soda, french fries, candy, telephones, cash registers, telecommunication equipment, pens, notepads, computers, cellular telephones, order forms, and other related items.

31.     Defendant, ROJE JENSEN BEACH, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as the goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, ROJE JENSEN BEACH's business an enterprise covered by the FLSA.

32.     Upon information and belief, Defendant, ROJE JENSEN BEACH, grossed or did business in excess of $500,000.00 per year in the years 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

## JOINT ENTERPRISE COVERAGE

33.     During all times material hereto, Defendants ROJE ST LUCIE and ROJE JENSEN BEACH performed substantially related activities, as both corporate entities owned and operate Dairy Queen franchises.

34.     Defendants, ROJE ST LUCIE and ROJE JENSEN BEACH used central management and/or common control to effectuate the business needs and goals of both entities.

35.     Moreover, Defendants, ROJE ST LUCIE and ROJE JENSEN BEACH were engaged in offering substantially the same products to their customers.

36.     Defendants, ROJE ST LUCIE and ROJE JENSEN BEACH also shared a common business purpose during all times material hereto.

37.     Defendant, ROJE ST LUCIE relied upon ROJE JENSEN BEACH's assistance in its operations and vice-versa.

38.     Supervisors for ROJE ST LUCIE managed and supervised ROJE JENSEN BEACH employees, and vice-versa.

39.     The gross revenue of Defendants, ROJE ST LUCIE and ROJE JENSEN BEACH, was collectively in excess of $500,000.00 in 2018, 2019, 2020, and are expected to collectively gross in excess of $500,000.00 in 2021.

40.     Defendants, ROJE JENSEN BEACH and ROJE ST LUCIE intermingle resources, finances, employees and supplies to provide products to their clients.

41.     On their respective company websites and the www.sunbiz.org, Defendants, ROJE JENSEN BEACH and ROJE ST LUCIE both identify Defendant, Janet N. Wesch, as their registered agent.

42.     Moreover, the individual Defendant, WESCH, has common ownership and control over both of the corporate Defendants.

43.     More specifically, individual defendant, WESCH, is the registered agent, owner, and managing member of both corporate Defendants.

44.     Robert Wesch is also a managing member of both Corporate Defendants.

45.     Plaintiff's payroll records during the relevant time period do not accurately reflect the hours actually worked by Plaintiff.

46.     During all time periods hereto, Defendant, WESCH, maintained control over the day-to-day operations of ROJE ST LUCIE and ROJE JENSEN BEACH, including the payroll, human resources, hiring, firing, and scheduling duties.

## **FLSA VIOLATIONS**

47.     During Plaintiff's employment, the Defendants, ROJE ST LUCIE, ROJE JENSEN BEACH, WESCH, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with the overtime wage provisions under federal law.

48.     Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff needed to perform, specifically instructed Plaintiff what to do on a daily basis, and specifically instructed Plaintiff when he had to arrive at each Dairy Queen franchise and when he could leave work.

49.     Defendants were also collectively responsible for creating and implementing the pay policy that is at issue in this case.

50.     During Plaintiff's employment period, he worked more than forty (40) hours in more than one workweek.

51.     Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours in at least one (1) workweek during the previous three (3) years.

52.     Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

53.     During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records as required by the FLSA.

54.     Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff, and all other similarly situated, their lawful (and hard-earned) wages. Plaintiff, and all others similarly situated, are therefore entitled to liquidated damages under the FLSA.

55.     Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

56.     As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA

**COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207**
**(against All Defendants)**

57.     Plaintiff re-avers and re-alleges Paragraphs 1 through 55 above, as though fully set forth herein.

58.     In one or more workweeks within the previous three (3) years, Defendants failed to pay Plaintiff time-and-one-half Plaintiff's regular hourly rate when Plaintiff performed in excess of forty (40) hours of work.

59.     Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

60.     To date, Defendants have not properly paid Plaintiff all of his overtime wages as required by the FLSA.

61.     As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, AIDAN KINGERY, demands judgment against Defendants, ROJE - PT ST LUCIE LLC, ROJE - JENSEN BEACH LLC, and JANET N. WESCH, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, AIDAN KINGERY, hereby demands a trial by jury on all appropriate claims.

**Dated this 4th day of June 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 4th

day of June 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: